56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Willie Lawrence BURKS, Plaintiff-Appellant,
v.
James HARRIS, et al., Defendants-Appellees.
 No. 93-6579.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 Before: MARTIN, RYAN, and GIBSON, Circuit Judges.*
 PER CURIAM.
 
 
 1
 Willie Burks appeals the district court's order granting defendants' motion for judgment as a matter of law in his Section 1983 suit. Because we find no constitutional violation occurred, we AFFIRM the district court's order.
 
 
 2
 On May 10, 1991, Burks was convicted in state court on forgery charges. He was sentenced to serve four concurrent two-year sentences at the Shelby County Correction Center in Tennessee. On July 2, Burk's fiancee informed him that his mother had died. Burks then contacted his attorney, who petitioned the state court for a furlough. On July 3, a state judge signed an order authorizing a furlough for Burks from July 6 to July 9 to attend his mother's wake, funeral and burial. However, after the furlough was authorized, prison officials allegedly received a phone call advising them that Burks planned to escape while on furlough. It was then determined that Burks was a security risk and that he should not be furloughed. Burks was informed that he would not be allowed furlough on July 5. Burks then contacted his brother and took no further action until filing suit in federal court. He neither filed for a petition for writ of habeas corpus nor sought enforcement of the furlough order from the state court.
 
 
 3
 On August 28, 1991, Burks filed suit pro se seeking damages for violations of his constitutional rights under 42 U.S.C. Sec. 1983. Named as defendants were James Harris and Robert Clark, Operations Managers at Shelby County Correction Center, and George Matthews, the Chaplain. On October 11, Burks filed an amended complaint adding Rev. Pearl Lurry as an additional defendant. A non-jury trial was held October 28, 1993, at which Burks was represented by counsel. At the close of Burks' proof, the district court granted the defendants' motion for judgment as a matter of law under Fed. R. Civ. P. 50. The court determined that Burks had no constitutional right to a furlough, that Tennessee law did not create a liberty interest in the furlough, and that adequate state remedies existed if there were a liberty interest. On November 24, Burks filed a notice of appeal from that judgment and appears before this Court pro se. On appeal, Burks argues that he was denied Due Process by the rescinding of his furlough order. He claims that in denying him furlough, the defendants circumvented the issuing judge's order, placed him in segregation, and subjected him to various other indignities.
 
 
 4
 This Court reviews a district court's grant of judgment as a matter of law under Rule 50 de novo, using the same standard as the district court. We view all evidence in the light most favorable to the nonmoving party and draw all inferences in that party's favor. Matsushita Elec. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); FDIC v. Aetna Cas. & Sur. Co., 947 F.2d 191, 210 (6th Cir. 1991). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial."' Id. (citation omitted).
 
 
 5
 Although Burks has no federal constitutional right to a furlough, a state may create liberty interests protected by the Due Process clause by its own actions. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461-63 (1989); Gibbs v. Hopkins, 10 F.3d 373, 377 (6th Cir. 1993). "A state creates a protected liberty interest 'by placing substantive limitations on official discretion."' Gibbs, 10 F.3d at 377 (quoting Olim v. Wakinekona, 461 U.S. 238, 249 (1983)). We have previously concluded that "in order to create a protected liberty interest, a statute, rule or regulation must use explicitly mandatory language that establishes 'specific substantive predicates' which limit official discretion by mandatorily requiring specific action by the responsible officials once the substantive predicates are found to be in place." Mackey v. Dyke, 29 F.3d 1086, 1089 (6th Cir. 1994).
 
 
 6
 The Tennessee statute allowing courts to furlough prisoners does not create a protected liberty interest. The provision under which Burks was authorized furlough reads in pertinent part as follows:
 
 
 7
 In any case in which a defendant has been sentenced to a local jail or workhouse ..., the sentencing court shall have jurisdiction to grant furlough for any medical, penological, rehabilitative or humane reason, upon conditions to be set by the sentencing court.
 
 
 8
 Tenn. Code Ann. Sec. 40-35-316. This statute provides jurisdiction for a court to grant furlough and states under what circumstances it may be appropriate to do so. However, it neither places any "substantive limitations" on that court's discretion nor uses "explicit mandatory language." Indeed, the decision whether to grant a prisoner furlough is entirely discretionary with the court. Although in this case furlough may have been granted for a humane reason, as the state court apparently felt, the prison officials' refusal to follow that order did not deprive Burks of a protected liberty interest. While we sympathize with Burks, and believe that not allowing him to attend his mother's funeral was unfortunate, revocation of his furlough because of alleged security concerns was not a constitutional violation. Similarly, "confinement in segregation does not independently violate the Due Process Clause." Gibbs, 10 F.3d at 377. Therefore, defendants were entitled to judgment as a matter of law, and we AFFIRM the district court's order to that effect.
 
 
 9
 RYAN, Circuit Judge, concurs only in the judgment affirming the district court.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation